ALLEN BAKER *vs.* SAMUEL BARRY.

PROVIDENCE—MARCH 15, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Dedication. Streets. Plats.*

Spaces left unmarked on a plat may show a dedication for a street or gangway when taken in connection with declarations of the owner or with user. Such intent becomes conclusive when embodied in a deed by reference to the space as a gangway or street.

(2) *Deeds. Description. Title in Streets.*

Where a deed describes the granted premises as extending to a ten-foot gangway, the grantee takes the fee to the center of the way.

(3) *Easements. Abandonment.*

Where a way laid out for the common use of lots bounded on it is fenced in and appropriated along the center line by the adjoining owners, the act amounts to a mutual agreement to abandon the way ; and there is no difference in principle between an original appropriation by an ancestor in title of an owner and the acceptance and continuance of such appropriation after one becomes an owner.

An appropriation by an owner of a part of a way to be used in common as a whole is an abandonment of his easement in the whole way.

Where the private occupation has ripened into a title by an exclusive possession of more than twenty years, the strip is no longer a way, but is held in separate ownership.

TRESPASS QUARE CLAUSUM. The facts are stated in the opinion. Heard on petition of defendant for a new trial. Granted, and decision for defendant.

STINESS, C. J. This case was heard by a single justice, on waiver of jury trial, who gave a decision for the plaintiff.

The defendant now asks for a new trial for alleged errors. The plaintiff sues for an obstruction of a right of way over a strip of land in the rear of the defendant's lot, between the plaintiff's line and Lemon street, in Providence.

The defendant's first objection is that there is no proof of a right of way.

(1)    In 1831 Job Carpenter platted his land into lots, and between the tier of lots fronting on Fountain street and another tier fronting on Cottage street was a strip ten feet wide, not marked as a gangway, but evidently intended as such. After this he conveyed his property to trustees, who, in 1834, sold the lot now owned by the defendant, bounding it "northerly by a gangway."

Spaces left unmarked on a plat may show a dedication for a street or gangway when taken. in connection with declarations of the owner or with user. 9 Am. & Eng. Ency. Law, 2 ed. 60, note 3, and cases cited. Such intent becomes conclusive when embodied in a deed by reference to the space as a gangway or street. The layout on the plat, the reference to it as a gangway in the deed of the trustees soon after, the continued reference to it in deeds since, and the subsequent use of it give ample proof of the dedication of the strip as a gangway. Had the strip been named as a street, there could have been no question as to its dedication. But the purpose of the strip is just as evident as though the owner had written on it "This is for a gangway." As said in *Rowan* v. *Portland*, 8 B. Mon. 246: "We do not understand any of the cases as requiring that words shall be upon the map or plan expressing the objects and purposes of the different spaces and divisions appearing on its face. Such words as mere names could not operate as grants *per se*, but only as explanations of the map. . . . When from the position and relations of any open space it is apparent that it was intended to be public property or for the public use, the dedication of such space is as perfect as if the name or purpose were indicated by a written word."

The defendant lays stress upon the fact that no reference to the gangway was made by the original owner, Job Car-

penter, who made the plat.   This is not essential when the
purpose is apparent, nor when it becomes so from subsequent
user and reference.   Job Carpenter platted the land and then
conveyed it to trustees.   The deeds by the trustees, holding
the whole property, referred to the strip as a gangway, and
this was as effectual a dedication of it as the deed of Carpen-
ter would have been.

(2)    The defendant argues that the deeds in the plaintiff's title
carry no interest in the gangway, if one existed, because
they exclude it by the descriptions.   The lot is described as
extending northerly *to* a ten-foot gangway.

Similar words were used in *Bentley* v. *Root*, 19 R. I. 205,
which were held to carry title to the center of the way.   See
also *Anthony* v. *Providence*, 18 R. I. 699.

The decision, therefore, to the extent that there had been
a gangway in which the plaintiff's ancestors in title had
rights, was quite correct.

(3)    But the evidence showed that this gangway had been
fenced in and appropriated along the center line by the ad-
joining owners prior to 1854, and that it has since remained
so.   What the plaintiff in this case claims is not the gang-
way as a whole, but only the five feet across the defendant's
lot to Lemon street as a footway.

This brings the case within the decision in *Steere* v. *Tif-
fany*, 13 R. I. 568, where it was held that, when it was clear
that a way was to be used in common as a whole, and a part
of it was appropriated by an owner of one of the dominant
tenements, the act of appropriation was an abandonment by
such owner of his easement in the whole way.   See, also,
*Aldrich* v. *Billings*, 14 R. I. 233.

The only difference between *Steere* v. *Tiffany* and this
case is that in the former case the appropriation of a part of
the gangway was the plaintiff's own act, while in this case it
appears that the gangway had been appropriated by the sev-
eral adjoining owners, including the plaintiff's ancestors in
title.

But the half of the gangway at the rear was inclosed with
the rest of the plaintiff's lot, and there is no difference in

principle between an original appropriation by an owner and the acceptance and continuance of such appropriation after one becomes an owner. In both cases the private occupation is inconsistent with a common use, and, where this has taken place all along the line, it amounts to a mutual agreement to abandon the way.

In this case the private occupation has ripened into a title by an exclusive possession of more than twenty years. The strip is no longer a gangway, but is held in separate ownership.

But the plaintiff claims that the right is still retained to use the footway in the five feet in the rear of defendant's lot. This, however, is not the way laid out on the plat, but only a fragment of it. It is like the case of *Steere* v. *Tiffany*, where Durfee, C. J., said: "The plaintiff is suing for an obstruction, not of the way as created, but of a mere bit of it, which is convenient for his individual use, but which, partly in consequence of his own acts, is no longer capable of being used as originally intended. . . . The way was intended to exist as a whole, not in halves, and, consequently, to take away either half is to destroy it, and the party taking must be held to have renounced or abandoned his right in the other half."

Having no right to the strip in question under the dedication on the plat, the plaintiff can have no other right unless he shows a right by prescription. This is not shown.

Pub. Laws, cap. 976, passed April 12, 1872, provided that no footway, except claimed in connection with a right to pass with carriages, shall be acquired by prescription or adverse use for any length of time. Since that time, therefore, no right could be acquired by prescription, and prior to that time the ownership was such that none could have been acquired. Both these lots were owned by Edward R. Young in 1843, nine years after the plat was made, who held them until 1854, when lot 6 was conveyed to Lewis W. Anthony, and in 1860 he became the owner of lot 7. Mrs. Harvey, the plaintiff's lessor, became the owner of lot 6 in 1868. Hence, there was no period, from 1834 to 1872, when there could have been an adverse user of twenty years. In view of this

fact, the obstructions to use, which were put in evidence, are unimportant.

The plaintiff having no right of way over the defendant's land, the decision is reversed and given for the defendant for costs.

Judgment will be entered accordingly.

*Dexter B. Potter*, for plaintiff.

*Henry J. Dubois*, for defendant.