KILMARTIN REALTY, INC. *vs.* SILVER SPRING REALTY CO.

NOVEMBER 6, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a bill in equity to remove a cloud on the complainant's title to certain real estate. The cause is here on the respondent's appeal from a decree of the superior court granting the relief prayed for.

The controversy between the parties concerns an easement of way over a portion of complainant's land. The complainant contends that the easement is extinguished by reason of the cessation of the purpose for which it was expressly granted. The trial justice sustained such contention and decreed the removal of the easement of record. The respondent contends that he erred in applying the doctrine of extinguishment to the facts, first, because possible use of the easement had not ceased, and secondly, because the establishment of a highway along an easement of way does not in law extinguish the easement but merely suspends it. And it further contends that the trial justice's

application of the doctrine of extinguishment to that portion of the easement of way in question here was tantamount to taking its property without due process of law.

The facts of record do not support respondent's contentions. On the contrary we are of the opinion that they furnish ample grounds for the decision of the trial justice. Such facts are substantially uncontradicted. The complainant's land is situated on the westerly side of Charles street in the city of Providence and is described as lot 506 on assessors' plat 76. The respondent's lot 498 is on the same plat but does not abut on Charles street. It purchased the lot on August 17, 1951 from the Wanskuck Company, which at that time owned lot 506 and also lot 29. The latter lot is bounded on the south by lot 498 and on the east by lot 506.

Neither lot 29 nor lot 498 abuts on Charles street. To give lot 498 access to that street Wanskuck Company incorporated in its deed to respondent the following grant:

> "Together with the right to the grantee, its successors and assigns to pass and repass in common with the grantor, its successors and assigns, for ingress and egress between said premises and Charles Street, on foot and with vehicles, but not to obstruct by parking or otherwise, over and along a strip of land of the grantor's Twenty-five (25) feet wide extending along the northerly boundary of said Tract, said other land of the grantee and land now or lately of John D. Kilmartin and Abby H. Kilmartin from the said land of the Narragansett Electric Company on the west to said Charles Street on the east."

Sometime thereafter Wanskuck Company conveyed lot 506 to John D. Kilmartin and his wife Abby H. Kilmartin in fee, subject however to the above-described easement. On March 8, 1957 they conveyed the lot in like manner to complainant. Later in November of that year the state condemned the easterly portions of lots 29 and 498 and acquired the fee and all interests therein for a freeway run-

ning north and south in extension of the Louisquisset Pike. It has since constructed the freeway which passes lot 506 on an elevated embankment and is fenced off to prevent access to said lot. This construction and the intended use of the freeway for fast-moving traffic has effectually and completely cut off any possible use of the easement from lot 498 to Charles street. The respondent concedes this but suggests there are means by which such interruption of the easement can be avoided.

However, the trial justice concluded that there was no reasonable ground for assuming that the state would consent to any crossing of the freeway in the manner envisioned by respondent. In his rescript he discussed the possible ways advanced by respondent for preserving the easement for present use or for reviving it in the event of the abandonment of the freeway, but he rejected them as unlikely or remote. After carefully considering the rescript in the light of the record which was before him, we are of the opinion that the trial justice did not err in holding that the purpose for which the easement was intended was now impossible of accomplishment and had therefore become extinguished. 3 Tiffany, Real Property (3d ed.), §817, p. 368. *American Oil Co.* v. *Leaman*, 199 Va. 637.

The respondent nevertheless argues that in law the easement still exists and is only suspended as long as it is included in the highway. If the highway is ever abandoned, it contends that the easement will revive. For this contention it relies upon the principle as stated in 3 Tiffany, Real Property (3d ed.), §823, p. 382, "That the concurrent existence of a highway and of a private way along the same line is not impossible * * * ," and also on *McPherson* v. *Monegan*, 120 Mont. 454, and *Peterson* v. *Pittsburgh Public Parking Authority*, 383 Pa. 383, where such principle has been applied.

We make no comment upon that rule except to say that it is clearly not applicable in the case at bar, since the ease-

ment here does not run "along the same line" as the freeway but crosses it. We also observe that in view of the nature of the freeway such easement of way is an obstacle and not intended to function as a way *concurrently* with the freeway. Moreover, since the state acquired the fee to that portion of lot 29 over which the easement existed it was destroyed by becoming merged in the fee. *Matteodo v. Ricci,* 56 R. I. 208. In our judgment such was the express intention of the state in purchasing the fee and all other interests in the portion of the lot which it had condemned.

There is no merit in the respondent's final argument that to deprive it of the portion of the easement over the complainant's lot 506 merely because of the state's condemnation of the portion over lot 29 is to take its property without due process of law. Such contention is based upon a misconception of what the state took and paid for. This was the respondent's right of egress to Charles street and not merely its right to travel over lot 29. As the trial justice said, we must assume that the respondent was compensated for loss of such right of egress. The fact that the complainant may thus indirectly benefit from the state's payment without itself having paid anything for such benefit does not warrant the claim of the respondent that its property has been taken from it without just compensation. In fact it has suffered no loss although the complainant has received an unearned benefit.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John T. Walsh,* for complainant.

*Letts & Quinn, Daniel J. Murray, Jerome B. Spunt,* for respondent.