Paul BOOROM et al.

v.

Robin RAU et al.

No. 93–159–Appeal.

Supreme Court of Rhode Island.

April 25, 1994.

John F. McDonough, North Providence, for plaintiff.

Michael St. Pierre, Warwick, for defendant.

PER CURIAM.

This matter came before this court on April 4, 1994, pursuant to an order requiring the defendants to appear and to show cause why the issues raised in their appeal should not be summarily decided. The defendants appeal from a Superior Court decision ordering them to remove a fence obstructing a right-of-way retained by the plaintiffs. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown.

■ The plaintiffs are the current owners of four contiguous lots of land located in Providence. The plaintiffs enjoy a sixteen-foot-wide right-of-way, created by express grant in 1946, over four lots of contiguous land, one of which is owned by defendants Charles and Diane Carlucci (the Carluccis). The right-of-way abuts the southern border of plaintiffs' real estate and runs parallel to it and through the property owned by the Carluccis. One defendant, Robin Rau (Rau), was the titleholder of the lot until the Carluccis purchased it during the course of this lawsuit. Previous to the Carluccis' ownership of the lot, Rau had erected a stockade fence along the eastern, western, and northern boundary lines of her property and along the southern boundary line of one plaintiff's property. This fence blocked and continues to block plaintiffs' access to the easement.

The defendants allege that the entire right-of-way was extinguished by merger, or by mutual agreement to abandon the entire right-of-way, when plaintiff Emil Auger (Auger), owner of the western-most lot, purchased the portion of the easement that bordered his lot. The Auger lot is located two lots west of the Rau–Carlucci lot. The defendants claim that Auger's purchase of a portion of the right-of-way resulted in concurrent ownership in part of the servient and the dominant estate. They aver that this extinguished the easement by merger. Alternatively, defendants argue that the fence was not an unlawful obstruction of the right-of-way and consequently the trial justice's order mandating its removal was improper and excessive.

■ The record does not reflect any evidence indicating that plaintiffs released any part of their interest in the right-of-way. For an easement to be extinguished by merger, a unity of title must exist in the same person. *See generally Catalano v. Woodward,* 617 A.2d 1363 (R.I.1992); *Kilmartin Realty, Inc. v. Silver Spring Realty Co.,* 90 R.I. 103, 155 A.2d 247 (1959). "The ownership of the [dominant and the servient] estates must be co-extensive and equal in validity, quality, and all other circumstances of right. * * * This rule has been construed to mean that in order to extinguish a right-of-way, there must be unity of ownership between the servient estate and *every dominant [e]state.*" (Emphasis added.) *Lacy v. Seegers,* 445 So.2d 400, 401 (Fla. Dist. Ct. App.1984); *see also* 2 George W. Thompson, *Commentaries on the Modern Law of Real Property* § 449 at 765 (Grimes 1980) ("an easement appurtenant to two or more tracts of land is not extinguished by merger of title unless title is acquired to all the property to which the easement is appurtenant"). The record does not reflect that there was unity of ownership with the three other dominant estates; consequently, the easement was not extinguished by merger. Although concurrence of ownership may have occurred for Auger, that concurrence did not extinguish the easement with regard to the other plaintiffs.[1]

---

1. We need not answer the question of whether Auger's purchase of his interest in the right-of- way extinguished his right to use it because that specific question is not now before us.

"[T]he ownership of title to a single lot and to the ground upon which a right of way exists cannot be said to destroy the easement created in favor of all other adjoining lots of respondents which were originally laid out and sold with this benefit attached as a part, at least, of the consideration." *Crease v. Jarrell*, 65 Cal. App. 554, 560, 224 P. 762, 764 (1924); *see also Piazza v. Schaefer*, 255 Cal. App. 2d 328, 63 Cal. Rptr. 246 (1967).

The dominant estate holders did not join together to appropriate the right-of-way, and as a result the easement was not extinguished by any agreement or act on their behalf. *See, e.g., Baker v. Barry*, 22 R.I. 471, 48 A. 795 (1901). Furthermore, we have also noted that a release of only a portion of an easement does not necessarily extinguish the entire easement. *Jackvony v. Poncelet*, 584 A.2d 1112, 1117 (R.I.1991). Additionally, the record does not reflect any action by plaintiffs that would lead this court to the conclusion that they abandoned the right-of-way. *See id.*

■ The defendants also claim that the fence was not an unlawful obstruction of the right-of-way. We do not agree. The defendants' reliance on *Chenevert v. Larame*, 42 R.I. 426, 108 A. 589 (1920), is misplaced. The gate in *Chenevert* could be opened by a "child of tender years" and was placed at the intersection of a private way and a public road. *Id.* at 432, 108 A. at 591. The record does not reflect that the fence was placed at an intersection with a public road, nor does it reveal that the fence is readily compatible with accessibility by plaintiffs; in fact it actually bisected the right-of-way. The trial justice's order to remove the fence was warranted in the circumstances.

The defendants' appeal is therefore denied and dismissed, and the judgment appealed from is affirmed.